# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GARRETT KERN,**
**D.O.C. # Y48052,**

    Plaintiff,

vs.                                              Case No.  4:25cv241-MW-MAF

**CLAYTON WEISS,**

    Defendant.

_____/

## SECOND REPORT AND RECOMMENDATION

    The pro se Plaintiff has submitted a successive motion for preliminary injunction, ECF No. 24, along with his second amended complaint, ECF No. 23.  An Order separately entered this day found Plaintiff's second amended complaint insufficient to proceed and provided Plaintiff with an opportunity to file a third amended complaint.  ECF No. 27.  As was the primary problem with the first and second amended complaints, ECF Nos. 17 and 23, Plaintiff has continued to present legal conclusions instead of factual allegations; thus, his complaints are insufficient to state a claim.

This Second Report and Recommendation deals only with Plaintiff's second motion for preliminary injunctive relief. ECF No. 24. Plaintiff has submitted an identical, one-page, one sentence motion which states only that he is requesting the Court "provide [him] immediate preliminary injunctive relief" based on his serious medical need. ECF No. 24; *see also* ECF No. 18. Plaintiff's motion did not include a supporting memorandum of law as required by Local Rule 7.1 and, thus, is insufficient on its face.[1]

Moreover, as noted in the prior Report and Recommendation, ECF No. 22, Plaintiff's amended complaints have not demonstrated that Plaintiff has a serious medical need which his medical providers are not treating as required by the Eighth Amendment. *See* ECF Nos. 17, 23. Plaintiff appears to have been diagnosed with the Hepatitis C Virus [HCV] at some point in time, but Plaintiff's amended complaints do not explain his medical condition, detail his current symptoms, or otherwise show that medical staff have failed to provide him with constitutionally sufficient health care. The operative second amended complaint again fails to state a claim.

---

[1] The Local Rules of this Court require a moving party to file a supporting memorandum of law with a motion. N.D. Fla. Loc. R. 7.1(E). "The Court may deny a moving party's motion if the party does not file a memorandum as required by this rule." N.D. Fla. Loc. R. 7.1(H).

As Plaintiff was previously advised in the first Report and Recommendation, ECF No. 22, granting or denying a motion for a preliminary injunction is a decision within the discretion of the district court. <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983)). Guiding the Court's discretion is the requirement that Plaintiff must establish four requirements:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury if the injunction were not granted;

(3) that the threatened injury to the plaintiffs outweighs the harm an injunction may cause the defendant; and

(4) that granting the injunction would not disserve the public interest.

<u>Carillon Importers, Ltd.</u>, 112 F.3d at 1126; <u>Church v. City of Huntsville</u>, 30 F.3d 1332, 1342 (11th Cir. 1994); <u>United States v. Jefferson Cnty.</u>, 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and cannot be granted unless the movant "carries the burden of persuasion" for all four prerequisites. <u>Jefferson Cnty.</u>, 720 F.2d at 1519 (citing <u>Canal Auth. v. Callaway</u>, 489 F.2d 567 (5th

Cir. 1974)). Here, because Plaintiff's second amended complaint has been found insufficient to state a claim, Plaintiff does not have a substantial likelihood of success on the merits. Moreover, Plaintiff's motion for a preliminary injunction fails to show Plaintiff faces a substantial threat of irreparable injury. Therefore, Plaintiff's successive motion for a preliminary injunction, ECF No. 24, should be denied.

## **RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, ECF No. 24, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 4, 2025.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.** If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**